
RECEIVED
IN LAKE CHARLES, LA
APR 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH JOINER** | : | **DOCKET NO. 08 CV 130** |
| VS. | : | **JUDGE MINALDI** |
| **MCLANE COMPANY, INC., THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, AND TRACY HUMPHREY** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a Motion to Remand, [doc. 16], filed by the plaintiff Kenneth Joiner (hereinafter "Joiner"). The defendants, McLane Company, Inc., The Insurance Company of the State of Pennsylvania, and Tracy Humphrey (hereinafter "the defendants") filed an Opposition [doc. 20]. Joiner filed a Reply [doc. 22].

### FACTS

Joiner filed suit on February 9, 2006 in the 14th JDC based on injuries arising out of an August 24, 2005 accident where Joiner was struck by a tractor-trailer owned by defendant McLane Company, Inc. and driven by defendant Tracy Humphrey.[1] Joiner's complaint averred that his damages did not exceed the jurisdictional amount necessary for a jury trial.[2] Joiner alleged past, present, and future medical expenses, physical pain, disability, loss of earnings, loss

---

[1] Compl. ¶¶ 1-3 [doc. 1].

[2] *Id.* ¶ 8.

of future earning capacity, and loss of future enjoyment of life.[3] On June 8, 2006, Joiner filed his First Supplemental and Amending Petition to allege property damage to his vehicle, as well as loss of use and rental vehicle charges.[4] At the August 7, 2007 status conference, the case was set for jury trial on February 18, 2008.[5] On January 2, 2008, Joiner filed his Second Supplemental and Amending Petition, alleging that his damages now exceeded the amount necessary for trial by jury.[6] The defendants removed this matter on January 30, 2008, alleging complete diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7]

## ANALYSIS

Pursuant to 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Thus, when cases premised upon diversity jurisdiction are not initially removable but later

---

[3] *Id.* ¶ 3.

[4] First Supplemental and Amending Petition [doc. 3].

[5] [doc. 1-5].

[6] Second Supplemental and Amending Petition [doc. 8]. The date in the record is January 2, 2007, however, the accompanying order is dated January 2, 2008, and both parties state in their briefs that the order was signed in 2008. Joiner was apparently prompted to file the Second Supplemental and Amending Petition following December 2007 settlement discussions where the defendants stated that Joiner's allegations did not exceed $50,000. Pl.'s Mem. in Support of Remand, at 3 [doc. 16].

[7] Notice of Removal [doc. 1].

become removable, as happened in this case, the defendant may not remove a suit more than one year from the commencement of the action. 28 U.S.C. § 1446(b).

"When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal." *Carroll v. United Air Lines, Inc.*, 7 F. Supp.2d 516, 519 (D.N.J. 1998). The Fifth Circuit has held that the one-year limit for removal is subject to equitable exceptions. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) (applying equitable estoppel to keep a case in federal court). In *Tedford*, the plaintiff engaged in clear forum manipulation by adding a new non-diverse defendant upon learning that the defendants planned to remove to federal court, and by signing and post-dating a notice of non-suit as to the non-diverse defendant before the one-year period expired, but not filing the notice until after the one-year period expired. *Id.* at 425. Thus, the Fifth Circuit found that when a plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id.* at 428-29.

Subsequent cases noted that the plaintiff in *Tedford* engaged in "manipulative and seemingly fraudulent" maneuvers to run the one-year limitations period. *See, e.g., William v. Nat'l Heritage Realty, Inc.*, 489 F. Supp.2d 595, 596 (N.D. Miss. 2007). In an analogous case, the Eastern District of Louisiana declined to employ estoppel because although the plaintiff initially stated the case was worth less than $75,000 and one year later amended his pleadings to change the quantum despite having initial medical reports indicating a disc injury, the case lacked the "egregious, clear pattern of forum manipulation" present in *Tedford*. *Foster v. Landon*, 2004 WL 2496216, *2 (E.D. La. Nov. 4, 2004) (not reported in F. Supp.2d).

The defendants filed the removal petition on January 30, 2008, well after the one-year period elapsed. Because federal jurisdiction is premised on diversity, defendants can only avoid remand if estoppel applies. The defendants argue that equitable estoppel applies because Joiner waited until the one-year period expired to amend his complaint. However, estoppel is rarely used and requires a "transparent attempt to circumvent federal jurisdiction." *Foster*, 2004 WL 2496216, *3. The defendants have not presented evidence of clear, egregious forum manipulation. Absent the "manipulative and seemingly fraudulent maneuvers" found in *Tedford*, this Court declines to employ estoppel to toll the one-year period. Thus, this Court finds that the defendants failed to meet their burden of establishing the propriety of removal; accordingly,

IT IS ORDERED that Joiner's Motion to Remand, [doc. 16], is hereby GRANTED.

Lake Charles, Louisiana, this 14 day of April, 2008.

PATRICIA H. MINALDI
UNITED STATES DISTRICT JUDGE

4